THE SHIP SHAND.

(*District Court, S. D. New York.*  November, 1880.)

1. DAMAGES—REFERENCE—PRACTICE.

    In the opinion under which a final decree in admiralty is entered, determining the question of liability, and directing a reference to a United States Commissioner to ascertain the amount of damages, a a statement by the court as to a fact affecting the amount of damages, and not material to a determination of the question of liability, is not binding, and does not preclude either party from introducing any competent evidence before the commissioner touching the extent of the damage.

In Admiralty.

*R. D. Benedict,* for libellant.

*T. E. Stillman,* for claimants.

CHOATE, D. J.  In this cause, which was a suit to recover for non-delivery of cargo according to terms of bills of lading, the libellant has had a decree on the ground that the master and crew of the vessel were negligent in not protecting her cargo of sugar against damage which threatened to injure it through the known leaky condition of the vessel on her arrival at her place of discharge.  A reference was ordered to compute the libellant's damages.  It appeared upon the trial that the cargo had already sustained damage by sea water, which was properly to be attributed to a peril of the sea, and the evidence tended to show that the water had been, before the arrival of the ship at her pier, more than six feet above the bottom of the cargo of sugar.  The principal charge of negligence, on which the liability of the ship for subsequent damage was sought to be based, was in suffering a steam-pump employed by the master to pump the ship out to stop during the night of the twenty-eighth of December, so that in the morning the ship was again flooded with sea water.  In the written opinion of the court occurred this passage with reference to the condition of the ship on the morning of the 29th: "The lower hold, where the sugar was stowed, was flooded.  The water had risen higher among the mats of sugar than it had ever been before."  Such seemed then to me to be, and still seems to be, the proper inference to be drawn

from all the testimony bearing upon the question as to the height to which the water rose among the bags of sugar in consequence of this flooding. The controlling circumstance in reaching this conclusion was the fact that only about 1,300 bags of dry sugar came out of the ship, while the evidence on both sides tended strongly to show that there were before the flooding a much larger number of dry bags in the vessel. Upon the reference, however, it has been claimed by the libellant that it is a point determined in the cause that the water did rise higher among the bags of sugar on the morning of the 29th than it had ever been before. The claimants, on the other hand, desire to introduce evidence before the commissioner tending to show that the water did not rise so high on the morning of the 29th as it had been previously; and this is an application to the court for a reconsideration of this finding of fact, or to ascertain whether this question is open upon the reference. The only question relating to this flooding of the ship, really before the court for determination upon the trial, was the question of the ship's liability for the damage occasioned thereby. The question of amount of damage was reserved, and intended to be reserved, for the reference in accordance with the almost invariable practice of the court. In discussing the proofs, as bearing on the question of liability, a narrative of events was given in the opinion delivered, in the course of which the remark above quoted was made. So far as the question of liability for the ensuing damage was concerned, it was immaterial whether the water rose in the cargo on the morning of the 29th one foot or seven feet. The result would and must have been the same. While witnesses were examined by both parties as to the height of the water, and while the effect of the evidence in that respect was very carefully commented on by libellant's counsel, and somewhat, also, by claimants' counsel, as appears by his brief, yet I am satisfied that this question, which is chiefly important as affecting the amount of damages, was not submitted, nor understood by the court to have been submitted, upon the trial as a point to be then conclusively determined, or that any question involved in the

question of the amount of damage was withdrawn from the usual mode of trial by reference. The claimants were not called upon on the trial to bring out the strength of their case on this point. As the height of the water was not material to the determination of their liability, which was the question tried, they are not concluded by the inference drawn by the court from the proofs as to that point. This observation in the opinion might well have been omitted as wholly unnecessary to the point to be decided. Neither the decree nor the minutes nor the briefs of counsel show any stipulation, nor anything equivalent to a stipulation, or an order of the court that this question should be passed on at the trial. The opinion expressed on the point must therefore be regarded as at most a *dictum* expressing the opinion of the court on the proofs as they then stood, not in any way precluding either party from introducing any competent evidence before the commissioner touching the extent of the damage caused by the flooding of the ship on the night of the twenty-eighth of December.

The commissioner will proceed in accordance with this decision.